SCHMITZ v. WYCKOFF, CHURCH & PARTRIDGE et al.

(Supreme Court, Appellate Division, First Department.    October 23, 1908.)

APPEAL AND ERROR (§ 1180*)—REVERSAL—DEPENDENT ORDERS.

Where that part of an order imposing costs as a condition to leave to file a supplemental answer was reversed, an order foreclosing such leave, unless availed of and the costs paid within a specified date, should be also reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4627–4629; Dec. Dig. § 1180.*]

Appeal from Special Term.

Action by Frank J. Schmitz against Wyckoff, Church & Partridge and another. From an order directing defendant Valvoline Oil Company to serve its supplemental answer on or before a date specified and to pay $98 costs imposed as a condition on granting leave therefor, or be foreclosed from service of such supplemental answer, it appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Putney, Twombly & Putney (Walter H. Griffin, of counsel), for appellant.

Charles La Rue, for respondent.

CLARKE, J. An order was made permitting service of a supplemental answer on July 23, 1908, upon the payment of costs from the beginning of the action. On August 11th an order to show cause was made, returnable on the 12th of August, why an order should not be granted foreclosing the said defendant from accepting the condition which would permit it to serve a supplemental answer herein, as permitted by the order of July 23d, on the ground of its laches.

When this order to show cause was granted, the time to appeal from the order of July 23d permitting service of the supplemental answer had not expired, and would not expire until August 22d. On the return of said order to show cause, the appellant filed an affidavit that the costs required to be paid under the order of July 23d had been taxed and amounted to $98, that the time to appeal from said order had not yet elapsed, and that an appeal would be taken from said order on that day, August 12th, and the appeal was so taken. The court, nevertheless, on the 17th day of August, entered an order that the appellant, on or before August 20th, serve upon the attorney for the plaintiff a supplementary answer and pay the $98 costs, in accordance with the order entered on July 23d, or be foreclosed from accepting

conditions of said order permitting of such answer. We have reversed that portion of the order of July 23d which required the payment of costs from the beginning of the action as a condition for the allowance of service of the supplemental answer in an opinion handed down herewith. 112 N. Y. Supp. 681.

It follows that the order here appealed from must be reversed, with $10 costs and disbursements to the appellant. All concur.